# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2013

## AUQEITH LASHAWN BYNER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2390   Steve Dozier, Judge**

---

**No. M2013-00486-CCA-R3-PC - Filed February 27, 2014**

---

Petitioner, Auqeith Lashawn Byner, was indicted by the Davidson County Grand Jury for one count of possession of .5 grams or more of cocaine within 1,000 feet of a school with the intent to sell or deliver and one count of reckless driving. After a jury trial, he was convicted as charged. As a result, he was sentenced to a sixteen-year sentence for the possession of cocaine with intent to sell conviction and six months for reckless driving, to be served concurrently to each other but consecutively to the sentence in another case 2007-D-3157. Petitioner initiated a direct appeal of his convictions but dismissed the appeal voluntarily. Petitioner later sought post-conviction relief on the basis of ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. Petitioner appealed. After a review, we determine Petitioner has failed to establish by clear and convincing evidence that he received ineffective assistance of counsel at trial. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE MCMULLEN, JJ., joined.

Ashley Preston, Nashville, Tennessee, for the appellant, Auqeith Lashawn Byner.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Rachel Sobrero, Assistant District Attorney, for the appellant, State of Tennessee.

# OPINION

## *Factual Background*

Petitioner was indicted in July of 2008 by the Davidson County Grand Jury for possession of more than .5 grams of cocaine with intent to sell within 1,000 feet of a school. Petitioner was also charged with reckless driving. The case proceeded to trial, and Petitioner was convicted by a jury. Subsequently, the trial court sentenced Petitioner to a sixteen-year sentence for possession of cocaine with intent to sell in a school zone and six months for reckless driving. The sentences were ordered to be served concurrently with each other but consecutively to the sentences in case number 2007-D-3157.[1] The direct appeal of Petitioner's convictions was voluntarily dismissed. Petitioner filed a timely petition for post-conviction relief on the basis of ineffective assistance of counsel.

The post-conviction court held a hearing on the petition. At the hearing, Petitioner testified that trial counsel failed to file a motion to suppress. Petitioner claimed that had trial counsel pursued a suppression hearing it would have shown there was "no probable cause to search" his person. Petitioner testified that trial counsel was "adamant" that the State's case was "weak." He could not recall if trial counsel specifically discussed a plea agreement but recalled the State offering eight years at 100 percent prior to trial. Petitioner did not find this offer appealing based on trial counsel's assessment of the State's case.

Petitioner did not recall the specifics of his pretrial meetings with trial counsel but remembered that they met to prepare for trial. Petitioner claimed that he wanted to testify but that trial counsel "didn't want [him] to get on the stand." He believed that if he testified the jury would have heard another version of the events leading up to his arrest, including the fact that the alleged drug sale took place on a Sunday when school was not in session.

Petitioner also testified that he wanted trial counsel to utilize an investigator but that trial counsel did not employ an investigator prior to trial.

Petitioner did not recall meeting with trial counsel prior to the sentencing hearing. Despite being unable to verbalize his complaints, Petitioner insisted that trial counsel was not "prepared" at the sentencing hearing.

---

[1] Petitioner filed a post-conviction petition in case number 2007-D-3157. *See Auqeith Lashawn Byner v. State*, No. M2012-00230-CCA-R3-PC, 2013 WL 3229401, at *1 (Tenn. Crim. App., at Nashville, June 25, 2013).

Petitioner acknowledged that he waived his right to a direct appeal by voluntarily dismissing the appeal after he filed the notice of appeal.

Trial counsel also testified. Trial counsel has been licensed since 2006 in the State of Tennessee and has handled hundreds of criminal cases since that time. She was retained to represent Petitioner.

Trial counsel recalled meeting with Petitioner prior to trial, both to convey plea offers and to prepare for trial. She vehemently denied telling Petitioner that he was going to "beat" the State. In fact, she testified that she has "never" said that to any client no matter how strong the case.

Trial counsel did not file a motion to suppress despite Petitioner's desire to do so; she explained that a motion to suppress would have been mostly about the credibility of the police officer versus the credibility of Petitioner. She could not recall exactly why she never filed the motion. Trial counsel testified that, at trial, the police officer testified incorrectly about the day on which Petitioner was arrested. Trial counsel asked the trial court to take judicial notice of the date of the arrest from the technical record but the trial court declined. Trial counsel acknowledged, however, that the day of the week that the crime was committed did not really matter as there was no requirement in the statute that children be present for a person to be convicted of selling drugs in a school zone.

Trial counsel testified that she talked with Petitioner about his decision to testify. She recalled that Petitioner wanted to take the stand but that she advised against testifying. In fact, she recalled Petitioner being "very upset" but she testified that she "wouldn't tell someone you are not allowed to testify" she would only give him her opinion on whether he should testify.

Trial counsel testified that she made a motion for judgment of acquittal at the conclusion of trial. Further, trial counsel filed a notice of appeal. It was later voluntarily dismissed by Petitioner.

After the hearing, the post-conviction court entered a written order denying relief. In the order, the post-conviction court noted Petitioner failed to offer any support other than his own testimony to show that trial counsel's failure to file a motion to suppress was ineffective. Therefore, the post-conviction court found that Petitioner failed to prove trial counsel's actions were ineffective. Further, the post-conviction court determined that Petitioner "did not offer any proof" to support his allegation that trial counsel failed to properly and adequately investigate the facts. The post-conviction court also found that Petitioner failed to prove that trial counsel did not communicate with him prior to trial where both Petitioner

and trial counsel testified otherwise. The post-conviction court accredited the testimony of trial counsel with regard to Petitioner's decision to testify. Additionally, the post-conviction court found that Petitioner failed to show by clear and convincing evidence that trial counsel: (1) failed to properly voice objections and cross-examine witnesses; (2) failed to properly raise all issues in a motion for new trial; and (3) did not adequately explain the significance and consequences of withdrawing the appeal.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner insists that he received ineffective assistance of counsel because trial counsel: (1) failed to file a motion to suppress; (2) prevented Petitioner from testifying at trial; (3) emphasized the weakness of the State's case, making any plea offers unappealing; (4) failed to hire an investigator to discredit the police officer's testimony; (5) failed to discuss the issues that should be raised at the motion for new trial; and (6) did not prepare Petitioner for the sentencing hearing. The State disagrees, insisting that Petitioner did not establish that trial counsel was ineffective.

*Ineffective Assistance of Counsel*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must

-4-

show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Looking at Petitioner's allegations, we determine that Petitioner has failed to demonstrate that trial counsel was deficient by failing to file a motion to suppress. Petitioner offered nothing other than his own opinion to support his theory that the officer lacked probable cause. Trial counsel testified that she did not file a motion to suppress after reviewing the facts. The decision to file a motion to suppress constitutes a tactical decision. *See Thomas T. Nicholson v. State*, No. E2009-00213-CCA-R3-PC, 2010 WL 1980190, at *16 (Tenn. Crim. App., at Knoxville, May 12, 2010). We are not permitted to second-guess a reasonably-based trial strategy. *Adkins*, 911 S.W.2d at 347. Further, Petitioner failed to demonstrate prejudice by the failure of trial counsel to file a motion to suppress. The evidence does not preponderate against the judgment of the post-conviction court.

Petitioner also insists that trial counsel was ineffective because she prevented Petitioner from testifying at trial. Trial counsel maintained at the post-conviction hearing that she may have advised Petitioner not to testify but that she had never and would never prevent a client from testifying. The post-conviction court specifically accredited trial counsel's testimony. This Court may not on appeal overturn that credibility determination. *See Burns*, 6 S.W.3d at 461. Nothing in this record preponderates against the post-conviction court's findings and conclusions. Therefore, Petitioner is not entitled to relief.

Next, Petitioner complains that trial counsel's emphasis of the weakness of the State's case made any plea offers unappealing and amounted to ineffective assistance of counsel. However, Petitioner's testimony at the hearing on the post-conviction petition was that he was unsure if he was ever told about a plea offer by counsel. Additionally, trial counsel testified that she would "never" tell a client that he was going to win a case. The post-conviction court accredited trial counsel's testimony in this regard. Again, this Court may not on appeal overturn that credibility determination. *See Burns*, 6 S.W.3d at 461. The evidence does not preponderate against the judgment of the post-conviction court. Therefore, Petitioner is not entitled to relief.

Petitioner also complains that trial counsel failed to hire an investigator to discredit the police officer's testimony. However, Petitioner did not put forth evidence at the hearing to show what an investigator would have proven or how the officer's testimony would have been discredited. A post-conviction petitioner making a claim regarding the failure to call a witness bears a duty to present the witness at the post-conviction hearing in order to enable this Court to determine whether his or her testimony might have altered the results of the trial. *See Black v. State*, 794 S.W.2d 753, 757 (Tenn. Crim. App. 1990). Because Petitioner failed to produce such a witness at the hearing, he is not entitled to relief based on a claim that the failure amounted to ineffective assistance of counsel.

Petitioner argues that trial counsel did not prepare Petitioner for the sentencing hearing. However, at the post-conviction hearing, Petitioner was unable to tell the post-conviction court what he wanted counsel to do at his sentencing hearing that wasn't accomplished. In fact, Petitioner admitted trial counsel explained possible sentences ranges and secured two witnesses that testified at the hearing. Petitioner is unable to show prejudice by trial counsel's actions. The evidence does not preponderate against the judgment of the post-conviction court. This issue is without merit.

Petitioner lastly claims that trial counsel failed to discuss the issues that should be raised at the motion for new trial. The record reflects that Petitioner voluntarily dismissed his direct appeal. This issue is moot.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE

-6-